UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH L.,

Plaintiff,

v.

Case No. 25-cv-11343
HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.
_______________________________/

**OPINION & ORDER (i) ACCEPTING THE REPORT AND RECOMMENDATION (Dkt. 17); (ii) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 19); (iii) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 12); (iv) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 14); AND (v) AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Joseph L. seeks judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income under the Social Security Act. Plaintiff and the Commissioner filed cross-motions for summary judgment (Dkts. 12, 14). The magistrate judge issued an R&R recommending that the Court deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's decision (Dkt. 17). Plaintiff filed objections to the R&R (Dkt. 19), and the Commissioner filed a response (Dkt. 20). For the reasons that follow, the Court overrules the Plaintiff's objections and adopts the recommendation in the R&R.[1]

[1] Because oral argument will not aid the Court's decisional process, the motions and objections will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

## I. BACKGROUND

Plaintiff filed an application for disability benefits under Title II of the Social Security Act (the Act) on August 12, 2022, alleging a disability onset date of March 30, 2016. R. & R. at PageID.866. His application claims disability due to "paralysis of left shoulder and arm to the elbow, unrepairable torn rotator cuff left shoulder, nerve damage in left shoulder, nerve damage in left arm, depression, and anxiety." Id.

Following a hearing, Administrative Law Judge (ALJ) Christopher Mattia issued a decision finding that Plaintiff was not disabled for purposes of the Act. Engaging in the five-step disability analysis, see 20 C.F.R. § 404.1520, ALJ Mattia found at Step 1 that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of March 30, 2016, through his date last insured of March 31, 2021. A.R. at PageID.40 (Dkt. 6-1); R. & R. at PageID.887. At Step 2, the ALJ found that, through the date last insured, Plaintiff had the following severe impairments: left shoulder injury, left brachial plexopathy, left axillary nerve lesion and right rotator cuff tendinosis. Id. In addition to this finding the ALJ concluded, with respect to the functional area of interacting with others, that Plaintiff had a mild limitation because the "[t]reatment records do not reveal significant difficulties interacting with others in work or social settings." Id. at PageID.41. At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Id. at PageID.41-42; R. & R. at PageID.887-888. Between Step 3 and Step 4, the ALJ found that Plaintiff had the residual functional capacity to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant could lift or carry 10 pounds frequently and 20 pounds occasionally; stand or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; push or pull within the aforementioned weight restrictions; never crawl or climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, balance, stoop, kneel, or crouch; frequently reach with the right, dominant upper extremity; never reach with the left upper extremity, but use the hand and fingers of the left upper extremity as an assist;

> never have exposure to extreme cold, vibration, unprotected heights, or moving mechanical parts; and never drive as a work duty.

Id. at PageID.42; R. & R. at PageID.888.

At Step 4, the ALJ found that Plaintiff was unable to perform any past relevant work. Id. at PageID.47; R. & R. at PageID.888. At Step 5, the ALJ found that considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Id. at PageID.47-48; R. & R. at PageID.888. The ALJ denied Plaintiff's application for benefits because he was not considered disabled under the Act. Id. at PageID.49; R. & R. at PageID.888.

The magistrate judge found that the ALJ's determination that Plaintiff was not disabled within the meaning of the Act was supported by substantial evidence.

## II. ANALYSIS

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (punctuation modified). Although the substantial evidence standard "requires more than a mere scintilla of evidence, substantial evidence means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moats v. Comm'r of Soc. Sec., 42 F.4th 558, 561 (6th Cir. 2022) (punctuation modified). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by" the ALJ. Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

**A. Objection No. 1**

In his first objection, Plaintiff contends that the ALJ's finding that he had a mild limitation in the functioning area of interacting with others was not supported by substantial evidence. Obj. at PageID.918. Plaintiff further objects to the magistrate judge's conclusion agreeing with that finding and stating that "the therapist's mental status exam revealed appropriate judgment and behavior, average intelligence, organized thinking, and appropriate memory." Id. Plaintiff contends that his "average intelligence and appropriate memory does not reasonably show that he is capable of getting along with others." Id. at PageID.921.

With respect to the ALJ's determination that Plaintiff had a mild limitation in the area of interacting with others, the ALJ found that the "[t]reatment records d[id] not reveal significant difficulties interacting with others in work or social settings. The claimant also currently resides with his wife and adult son, with no apparent difficulties and his testimony reveals no significant difficulty interacting with others." A.R. at. PageID.41. Plaintiff challenged this finding on the basis that there was an inconsistency between the finding and the therapist's notes in the psychological assessment showing that Plaintiff "presented as dysthymic, irritable, and tearful, affect congruent." R. & R. at PageID.894. The magistrate judge rejected Plaintiff's challenge and concluded that that the ALJ's finding was supported by the record. Id. The magistrate judge further determined that Plaintiff showed average intelligence, organized thinking, and appropriate memory, which reasonably correspond to an ability to interact appropriately with others. Id.

Plaintiff now contends that his irritability, depressed mood, defensiveness, frustration, and paranoid behavior observed during his September 21, 2018 psychological assessment directly refutes the ALJ's and magistrate judge's findings. Obj. at PageID.919-920. The Court disagrees. While the psychological assessment revealed that Plaintiff suffers from certain mental health

conditions, including depression and anxiety, there is nothing in the assessment that suggests his mental health conditions severely limited his ability to act appropriately around others. Moreover, the assessment indicated that Plaintiff's responses to the topics discussed were "understanding, receptive, and uncooperative," which suggests that Plaintiff acted appropriately at times during the assessment. 9/21/18 Pysch. Asess. at PageID.781 (Dkt. 6-1). Plaintiff fails to provide any explanation as to how his observed behavior alone severely limits him from being able to appropriately act with others.

Because the Court concludes that the evidence sufficiently supports the ALJ's finding of a mild limitation, the magistrate judge's review of the record supporting the ALJ's decision was proper. See Reynolds v. Comm'r of Soc. Sec., 424 F. App'x 411, 414 (6th Cir. 2011) (explaining that the "court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ"). The Court overrules Plaintiff's first objection.

**B. Objection No. 2**

In his second objection, Plaintiff challenges ALJ's finding that he could "frequently reach with his right, dominant upper extremity" and argues that finding is not supported by substantial evidence. Obj. at PageID.922. Plaintiff further objects to the magistrate judge's conclusion that he failed to show "any flaw in the ALJ's evaluation of his shoulder impairments and that any greater functional limitations were warranted." Id. (punctuation modified). He argues that the ALJ did not sufficiently consider the effect of right shoulder pain on repetitive movement. Id.

The Court finds that the record supports the magistrate judge's conclusions. The magistrate judge determined that the ALJ "clearly considered multiple records concerning Plaintiff's [right upper extremity] impairment." R. & R. at PageID.907. The ALJ carefully reviewed treatment

records that detailed the extent of Plaintiff's limitation to his right shoulder extremity. A.R. at PageID.45. The ALJ noted that a July 26, 2018 "physical examination performed at that time reveals a full range of motion in the right upper extremity." Id. The ALJ next noted that a September 5, 2018 physical examination revealed "a decreased range of motion in all plans of the right upper extremity, mildly decreased rotation, but limited to 100 degrees abduction or flexion. A positive Hawkins sign and positive empty can test was also noted." Id. The ALJ considered a finding of "right rotator cuff tendinosis " but also noted that the December 7, 2018 "X-rays of the claimant's right shoulder . . . reveal[ed] normal findings with regard to the right shoulder." Id. at PageID.46. The ALJ also considered Plaintiff's own testimony that he could lift 20 pounds, but "it was tough on [him] because overuse of [his] right arm . . . has caused a lot of problems." Id. at PageID.43; 81-82. Plaintiff further testified that overuse of his right shoulder caused him pain, particularly when lifting weight or after repetitive movement, but "[his] right arm . . . can lift." Id. at PageID.82, 88. He also testified, "I do have my right arm and its semi-functional," Id. at PageID.89, and that "[his] right arm was all he had left to do anything," Id. at PageID.83.

While Plaintiff debates the magistrate judge's conclusion, there is substantial evidence in the record that Plaintiff could frequently reach with his right upper extremity despite complaining of pain and relied on the use of right upper extremity because of his left shoulder injury. The Court finds that the magistrate judge's review of the record was proper and overrules Plaintiff's second objection.

## III. CONCLUSION

For the foregoing reasons, the Court overrules Plaintiff's objections (Dkt. 19) and adopts the magistrate judge's recommendation (Dkt. 17). Accordingly, the Court denies Plaintiff's motion for summary judgment (Dkt. 12), grants the Commissioner's motion for summary judgment (Dkt. 14) and affirms the Commissioner's decision.

**SO ORDERED.**

Dated: September 24, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 24, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager